IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CATHERINE ANN HICKLING, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 7:10-CV-103 (HL) |
| IRWIN COUNTY DETENTION CENTER, | : | |
| Defendant | : | **ORDER** |

Plaintiff **CATHERINE ANN HICKLING**, an inmate at FCI Tallahassee in Tallahassee, Florida, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.[1]

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff has not paid the $350.00 filing fee and she has not sought leave to proceed *in forma pauperis*. Because plaintiff failed to pay the filing fee, the Court assumes that she wishes to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Moreover, plaintiff recently submitted a certified copy of her prisoner trust fund account in **Hickling v. Irwin County Detention Ctr.**, 7:10-CV-70 (HL). Based on the information shown on these documents, the Court finds that plaintiff is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that her complaint be filed and that she be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits

---

[1] Plaintiff submits her claims on a § 2241 Habeas Corpus Petition Form. However, she states that she is pursuing a "sexual assault/abuse civil suit" and she seeks damages. Therefore, the Court has construed the action as one brought pursuant to 42 U.S.C. § 1983.

made to her prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v.***

2

***Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that while she was incarcerated at the Irwin County Detention Center in Ocilla, Georgia she "was approached with sexual advances, conversations that eventually

led [to] the Officer touching [her] breasts." Plaintiff seeks compensation.

Plaintiff has named only one defendant: the Irwin County Detention Center. The Irwin County Detention Center is not a legal entity that is subject to suit. Pursuant to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued" is determined "by the law of the state where the court is located." Therefore, Georgia law controls this issue. The Georgia Supreme Court has explained that there are only three classes of legal entities: "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial person as the law recognizes as being capable to sue." ***Georgia Insurers Insolvency Pool v. Elbert County***, 258 Ga. 317, 318 (Ga. 1988). A county detention facility does not fit within either of these categories and is, therefore, simply not a legal entity subject to suit or liability under 42 U.S.C. § 1983. ***See generally Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir. 1992)(advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .").

Additionally, this action contains the same allegation that plaintiff made in ***Hickling v. Webb***, 7:10-CV-70 (HL). Plaintiff filed that case on July 26, 2010 and named the Irwin County Detention Center and Officer Webb as defendants. In an Order and Recommendation dated August 16, 2010, the United States Magistrate Judge recommended that the Irwin County Detention Center be dismissed from the action. That Order and Recommendation was approved, adopted, and made the Order of the Court on September 10, 2010. Therefore, the issue of the Irwin County Detention Center's liability has already been decided adversely to plaintiff. As this action is currently going forward against Officer Webb in ***Hickling v. Webb***, 7:10-CV-70 (HL), plaintiff cannot pursue the same claim in a second 42 U.S.C. § 1983 action.

Based on these findings, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 29th day of September, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb